Filing # 62319107 E-Filed 10/03/2017 12:23:21 PM

### FORM 1.997. CIVIL COVER SHEET

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner for the use of the Clerk of Court for the purpose of reporting judicial workload data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

**I.   CASE STYLE**

IN THE CIRCUIT COURT OF THE <u>ELEVENTH</u> JUDICIAL CIRCUIT,
IN AND FOR <u>MIAMI-DADE</u> COUNTY, FLORIDA

Case No.: _____
Judge: _____

<u>Omairilys Cruz Aponte</u>
Plaintiff
     vs.
<u>Akima Global Services, LLC.</u>
Defendant

**II.   TYPE OF CASE**

- ☐ Condominium
- ☐ Contracts and indebtedness
- ☐ Eminent domain
- ☐ Auto negligence
- ☐ Negligence – other
    - ☐ Business governance
    - ☐ Business torts
    - ☐ Environmental/Toxic tort
    - ☐ Third party indemnification
    - ☐ Construction defect
    - ☐ Mass tort
    - ☐ Negligent security
    - ☐ Nursing home negligence
    - ☐ Premises liability – commercial
    - ☐ Premises liability – residential
- ☐ Products liability
- ☐ Real Property/Mortgage foreclosure
    - ☐ Commercial foreclosure $0 - $50,000
    - ☐ Commercial foreclosure $50,001 - $249,999
    - ☐ Commercial foreclosure $250,000 or more
    - ☐ Homestead residential foreclosure $0 – 50,000
    - ☐ Homestead residential foreclosure $50,001 - $249,999
    - ☐ Homestead residential foreclosure $250,000 or more
    - ☐ Non-homestead residential foreclosure $0 - $50,000
    - ☐ Non-homestead residential foreclosure $50,001 - $249,999
- ☐ Non-homestead residential foreclosure $250,00 or more
- ☐ Other real property actions $0 - $50,000
- ☐ Other real property actions $50,001 - $249,999
- ☐ Other real property actions $250,000 or more
- ☐ Professional malpractice
    - ☐ Malpractice – business
    - ☐ Malpractice – medical
    - ☐ Malpractice – other professional
- ☒ Other
    - ☐ Antitrust/Trade Regulation
    - ☐ Business Transaction
    - ☐ Circuit Civil - Not Applicable
    - ☐ Constitutional challenge-statute or ordinance
    - ☐ Constitutional challenge-proposed amendment
    - ☐ Corporate Trusts
    - ☒ Discrimination-employment or other
    - ☐ Insurance claims
    - ☐ Intellectual property
    - ☐ Libel/Slander
    - ☐ Shareholder derivative action
    - ☐ Securities litigation
    - ☐ Trade secrets
    - ☐ Trust litigation

## COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐  No ☒

III. **REMEDIES SOUGHT** (check all that apply):
    ☒ Monetary;
    ☒ Non-monetary declaratory or injunctive relief;
    ☐ Punitive

IV. **NUMBER OF CAUSES OF ACTION: (   )**
(Specify)

    2

V. **IS THIS CASE A CLASS ACTION LAWSUIT?**
    ☐ Yes
    ☒ No

VI. **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
    ☒ No
    ☐ Yes – If "yes" list all related cases by name, case number and court:

VII. **IS JURY TRIAL DEMANDED IN COMPLAINT?**
    ☒ Yes
    ☐ No

---

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature s/ Charles Eiss     FL Bar No.: 612073
   Attorney or party                                       (Bar number, if attorney)

Charles Eiss    10/03/2017
(Type or print name)                                     Date

Filing # 62319107 E-Filed 10/03/2017 12:23:21 PM

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

CASE NO.:

OMAIRILYS CRUZ APONTE,

    Plaintiff,

v.

AKIMA GLOBAL SERVICES, LLC.,

    Defendant.

_____/

## COMPLAINT

Plaintiff, OMAIRILYS CRUZ APONTE (hereinafter, "Plaintiff"), by and through her undersigned attorney hereby files her Complaint, and sues Defendant, AKIMA GLOBAL SERVICES, LLC. (hereinafter "AKIMA" or "Defendant") as follows:

### JURISDICTION AND VENUE

1. This is an action for damages under the Florida Civil Rights Act ("FCRA"), Fla. Stat. § 760.01 *et seq.* (2017), for employment discrimination on the basis of disability or handicap, in violation of Florida law.

2. The amount in dispute exceeds the sum of $15,000.00, exclusive of interest, costs, and attorney's fees.

3. Plaintiff is a resident of Broward, Florida over the age of eighteen years and otherwise *sui juris*.

4. Defendant is a Arkansas corporation with its principal address located in Virginia and is and has been conducting substantial business within Florida and is subject to the laws of the State of Florida.

1

5. Venue is proper in this court pursuant to Florida Statutes § 47.011 in that the actions which give rise to this suit occurred in Miami-Dade County, specifically at the Krome Detention Center.

**PARTIES**

6. Plaintiff is a member of a class protected under the FCRA because the terms, conditions, and privileges of her employment were altered because of her disability/handicap.

7. Plaintiff, at all times relevant hereto, worked for Defendant at the Krome Detention Center in Miami, Florida.

8. Defendant has, at all times material, employed 15 or more employees for each working day in each of twenty or more calendar weeks in the current or preceding year in accordance with the FCRA (Fla. Stat. § 760.02(7)).

9. Plaintiff has exhausted her administrative remedies by filing a timely charge of discrimination ("Charge") against the Defendant with the Equal Employment Opportunity Commission which was dually filed with the Florida Commission on Human Relations.

10. Plaintiff's Charge was filed on or about January 12, 2017. The actions complained of herein occurred no more than 365 days before that date and/or continued from that date stemming from the same actions set forth in the Charge.

11. The Florida Commission on Human Relations did not issue a finding on Plaintiff's charge within 180 days of the filing of said charges. Plaintiff therefore brings this Complaint under the provisions of § 760.11(8), Florida Statutes.

12. All other conditions precedent to this action have been performed or have been waived.

2

## GENERAL ALLEGATIONS

13. Defendant is a corporation primarily involved in supplying personnel at detention centers nationwide.

14. Plaintiff CRUZ APONTE began her employment in 2008 as a Detention Officer at the Krome Detention Facility.

15. At all times, Plaintiff was employed in a full-time capacity and was issued a W-2 by Defendant for each year for which she was employed.

16. In September 2015, CRUZ APONTE began suffering from chronic back pain due to a herniated disc. As a result, Plaintiff needs regular and periodic epidural injections in order to relieve the pain.

17. CRUZ APONTE's condition substantially limits one or more major life function, including standing, stooping, bending, etc. without pain.

18. Plaintiff took leave pursuant to the Family and Medical Leave Act (FMLA) from September 22, 2015 through the beginning of January 2016 related to her back condition.

19. With regular treatments, CRUZ APONTE was able to perform all the essential functions of her job and did complete those functions upon her return to work in January 2016.

20. In order to receive these treatments, CRUZ APONTE needed time off from work to see her doctor and notified her employer when she needed to be absent to receive said treatment.

21. In the Summer/Fall of 2016, CRUZ APONTE's pain became more frequent. As a result, Plaintiff was set to have lumbar surgery on November 8, 2016 and would need to be out of work until November 22, 2016.

22. Throughout this time, Plaintiff kept her employer advised on her condition and medical needs. However, on November 18, 2016, Defendant denied Plaintiff's request for time off from work for her surgery and terminated CRUZ APONTE claiming that she had taken too much time off from work under the company's attendance policy.

23. Defendant's denial of Plaintiff's leave requests in October and November 2016 and termination for "excessive absences" were denials of requests for reasonable accommodations under the FCRA and discriminatory.

## COUNT ONE:
## HANDICAP/DISABILTY DISCRIMINATION UNDER THE FCRA

24. Plaintiff reasserts her allegations in paragraphs 1–23, above, as if fully re-written herein.

25. Section 760.10 of the FCRA states in relevant part:

    (1) it is unlawful employment practice for an employer:
    (a) to discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, natural origin, age, handicap, or marital status.

26. The FCRA accordingly prohibits employers from taking adverse employment action against an employee as a result of her actual handicap/disability.

27. The adverse and disparate treatment to which Plaintiff was subjected by Defendant, including but not limited to, her termination, as set forth above, was the direct and proximate result of Plaintiff's actual handicap(s)/disability/disabilities, which substantially limited her in one or more major life activities, and/or Plaintiff's record of having such handicap(s)/disability/disabilities.

28. Defendant failed/refused to reasonably accommodate Plaintiff's actual handicap(s)/disability/disabilities as required by law, leading to Plaintiff's termination.

4

29. Defendant terminated CRUZ APONTE for absences which should have been considered excused as a reasonable accommodation to her disability. There was no other valid, legal reason for her termination.

30. Even if Defendant could assert legitimate reasons for its adverse and disparate treatment of Plaintiff, which reasons it did not/does not have, Plaintiff's actual handicap(s)/disability/disabilities and/or Plaintiff's record of having such a handicap/disability/disabilities were, at minimum, motivating factors for Defendant's termination of CRUZ APONTE's employment.

31. As a result of the discriminatory conduct to which Plaintiff was subjected, Plaintiff has experienced, and will continue to experience, significant financial and economic loss in the form of lost wages and lost benefits. Plaintiff has also experienced, and will continue to experience, emotional anguish, pain and suffering and loss of dignity damages. Plaintiff accordingly demands lost economic damages, lost wages, back pay, interest, front pay (or reinstatement), the value and/or economic impact of lost benefits/seniority, and compensatory damages.

32. Plaintiff further seeks her attorney's fees and costs as permitted by law.

WHEREFORE, Plaintiff OMAIRILYS CRUZ APONTE requests judgment against Defendant as follows:

    a) an award of economic damages including lost wages, back pay, interest, front pay, and the value and/or economic impact of lost benefits;

    b) compensatory damages;

    c) punitive damages;

    d) attorney's fees and costs; and

5

e) any other award this Court deems necessary.

## COUNT TWO:
## HANDICAP/DISABILTY DISCRIMINATION UNDER THE FCRA
## (FAILURE TO ACCOMMODATE)

33. Plaintiff reasserts her allegations in paragraphs 1–23, above, as if fully re-written herein.

34. Section 760.10 of the FCRA states in relevant part:

   (1) it is unlawful employment practice for an employer:
   (a) to discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, natural origin, age, handicap, or marital status.

35. The FCRA accordingly requires employers to reasonably accommodate the actual handicaps/disabilities and/or records of such handicaps/disabilities of their employees.

36. The denial of Plaintiff's accommodation request, as set forth above, was the direct and proximate result of Plaintiff's actual handicap(s)/disability/disabilities, which substantially limited her in one or more major life activities, and/or Plaintiff's record of having such handicap(s)/disability/disabilities.

37. Defendant failed/refused to reasonably accommodate Plaintiff's actual handicap(s)/disability/disabilities as required by law, leading to Plaintiff's termination, despite being presented with a request for a reasonable accommodation by Plaintiff.

38. Plaintiff's request would not have imposed an undue burden on Plaintiff as what she needed was tantamount to a modified work schedule and/or brief period of leave for a medical procedure.

39. The modified work schedule and brief period of leave (which had a certain time frame) would have enabled Plaintiff to perform the essential functions of her position.

6

40. Defendant's alleged reason(s) for denying Plaintiff's requests, if any, are pretextual. Defendant failed to modify its own no-fault policy to accommodate Plaintiff as a person with a disability, and terminated her employment.

41. Even if Defendant could assert legitimate reasons for its failure to accommodate Plaintiff, CRUZ APONTE's disability and/or record of having such a handicap/disability/disabilities were, at minimum, motivating factors for Defendant's failure to accommodate.

42. As a result of Defendant's failure/refusal to accommodate Plaintiff, Plaintiff has experienced, and will continue to experience, significant financial and economic loss in the form of lost wages and lost benefits. Plaintiff has also experienced, and will continue to experience, emotional anguish, pain and suffering and loss of dignity damages. Plaintiff accordingly demands lost economic damages, lost wages, back pay, interest, front pay (or reinstatement), the value and/or economic impact of lost benefits/seniority, and compensatory damages.

43. Plaintiff further seeks her attorney's fees and costs as permitted by law.

WHEREFORE, Plaintiff OMAIRILYS CRUZ APONTE requests judgment against Defendant as follows:

    a) an award of economic damages including lost wages, back pay, interest, front pay, and the value and/or economic impact of lost benefits;

    b) compensatory damages;

    c) punitive damages;

    d) attorney's fees and costs; and

    e) any other award this Court deems necessary.

## DEMAND FOR JURY TRIAL

Plaintiff, OMAIRILYS CRUZ APONTE hereby demands trial by jury on all counts so triable contained herein.

Dated: October 3, 2017.

                                         EISS MASSILLON, P.L.
                                         Attorneys for Plaintiff
                                         7951 SW 6th Street, Suite 308
                                         Plantation, Florida 33324
                                         (954) 914-7890 (Telephone)
                                         (855) 423-5298 (Facsimile)

By:     /s/ Lindsay Marie Massillon
            CHARLES M. EISS, Esq.
            Fla. Bar #612073
            Chuck@eissmassillon.com
            LINDSAY M. MASSILLON, Esq.
            Fla. Bar #92098
            Lindsay@eissmassillon.com

Filing # 62491886 E-Filed 10/06/2017 10:16:25 AM

|  | | |
|---|---|---|
| ☒ IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA.<br>☐ IN THE COUNTY COURT IN AND FOR MIAMI-DADE COUNTY, FLORIDA. | | |
| **DIVISION**<br>☒ CIVIL ☐ OTHER<br>☐ DISTRICTS | **SUMMONS 20 DAY CORPORATE SERVICE**<br>(a) GENERAL FORMS | **CASE NUMBER**<br>2017-023335-CA-01 |
| **PLAINTIFF(S)**<br><br>OMAIRILYS CRUZ APONTE | **VS. DEFENDANT(S)**<br><br>AKIMA GLOBAL SERVICES, LLC. | **SERVICE** |

THE STATE OF FLORIDA:

To Each Sheriff of the State:

**YOU ARE COMMANDED** to serve this summons and copy of the complaint or petition in this action on defendant(s): AKIMA GLOBAL SERVICES, LLC.
c/o CT CORPORATION SYSTEM, Registered Agent
1200 South Pine Island Road
Plantation, FL 33324

Each defendant is required to serve written defense to the complaint or petition on Plaintiff's Attorney: LINDSAY MARIE MASSILLON, Esq.

whose address is: Eiss Massillon, P.L.
7951 SW 6th Street, Suite 308
Plantation, FL 33324

within 20 days " **Except when suit is brought pursuant to s. 768.28, Florida Statutes, if the State of Florida, one of its agencies, or one of its officials or employees sued in his or her official capacity is a defendant, the time to respond shall be 40 days. When suit is brought pursuant to. 768.28, Florida Statutes, the time to respond shall be 30 days."** after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Clerk Court either before service on Plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

| | | DATE |
|---|---|---|
| **HARVEY RUVIN**<br>**CLERK of COURTS** | <br><br>DEPUTY CLERK | |

### AMERICANS WITH DISABILITIES ACT OF 1990
### ADA NOTICE

"If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the Eleventh Judicial Circuit Court's ADA Coordinator, Lawson E. Thomas Courthouse Center, 175 NW 1st Ave., Suite 2702, Miami, FL 33128, Telephone (305) 349-7175; TDD (305) 349-7174, Fax (305) 349-7355 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711."

CLK/CT. 314 Rev. 02/16                                        Clerk's web address: www.miami-dadeclerk.com

Filing # 62491886 E-Filed 10/06/2017 10:16:25 AM

| ☒ IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA. ☐ IN THE COUNTY COURT IN AND FOR MIAMI-DADE COUNTY, FLORIDA. | | |
|---|---|---|
| **DIVISION** ☒ CIVIL ☐ OTHER ☐ DISTRICTS | **SUMMONS 20 DAY CORPORATE SERVICE** (a) GENERAL FORMS | **CASE NUMBER** 2017-023335-CA-01 |
| **PLAINTIFF(S)** OMAIRILYS CRUZ APONTE | **VS. DEFENDANT(S)** AKIMA GLOBAL SERVICES, LLC. | **SERVICE** |

THE STATE OF FLORIDA:

To Each Sheriff of the State:

YOU ARE COMMANDED to serve this summons and copy of the complaint or petition in this action on defendant(s): AKIMA GLOBAL SERVICES, LLC.
c/o CT CORPORATION SYSTEM, Registered Agent
1200 South Pine Island Road
Plantation, FL 33324

Each defendant is required to serve written defense to the complaint or petition on Plaintiff's Attorney: LINDSAY MARIE MASSILLON, Esq.

whose address is: Eiss Massillon, P.L.
7951 SW 6th Street, Suite 308
Plantation, FL 33324

CLOCK IN

within 20 days * **Except when suit is brought pursuant to s. 768.28, Florida Statutes, if the State of Florida, one of its agencies, or one of its officials or employees sued in his or her official capacity is a defendant, the time to respond shall be 40 days. When suit is brought pursuant to 768.28, Florida Statutes, the time to respond shall be 30 days."** after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Clerk Court either before service on Plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

| **HARVEY RUVIN** **CLERK of COURTS** | *Gonelle Brown* 164659 DEPUTY CLERK | **DATE** 10/12/2017 |
|---|---|---|

**AMERICANS WITH DISABILITIES ACT OF 1990**
**ADA NOTICE**

"If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the Eleventh Judicial Circuit Court's ADA Coordinator, Lawson E. Thomas Courthouse Center, 175 NW 1st Ave., Suite 2702, Miami, FL 33128, Telephone (305) 349-7175; TDD (305) 349-7174, Fax (305) 349-7355 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711."

CLK/CT. 314 Rev. 02/16    Clerk's web address: www.miami-dadeclerk.com